**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

| | | |
|---|---|---|
| **KENNETH RAY BUSKIRK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 3:15-03503** |
| | ) | |
| **DANIEL WILES, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's "Motion to Compel the Production of Discovery Material" (Document No. 42), filed on October 28, 2016. Having thoroughly considered the issues raised by this Motion, the undersigned concludes that Plaintiff's Motion (Document No. 42) should be granted in part and denied in part.

## STANDARD

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated, defined and shaped and issues are sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of the Rules undermines the process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

> burden or expense of the proposed discovery outweighs its likely benefit.
> Information within this scope of discovery need not be admissible in evidence to
> be discoverable.

Although the Rule 26(b) was recently amended to remove language permitting the discovery of "any matter relevant to the subject matter involved in the action" and "relevant information . . . reasonably calculated to lead to the discovery of admissible evidence," the Rule still contemplates the discovery of information relevant to the subject matter involved in the action as well as relevant information that would be inadmissible at trial. See Advisory Committee Notes to 2015 Amendment, Fed. R. Civ. P. 26(b)(1). As stated above, the recent amendment further provides that discovery must be proportional to the needs of the case by considering certain factors. Thus, Rule 26(b) "cautions that all permissible discovery must be measured against the yardstick of proportionality. Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 355 (D. Md. 2012)(citation omitted).

When parties request relevant nonprivileged information in a Request for Production or Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond in writing . . .." Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C) provide as follows:

> **(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
>
> **(C)** *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

2

Thus, objections to Rule 34 requests must be stated specifically and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable. <u>Frontier-Kemper Constructors, Inc., v. Elk Run Coal Company, Inc.</u>, 246 F.R.D. 522, 528 - 529 (S.D.W.Va. 2007).

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(4) provides that an incomplete answer or response "must be treated as a failure to . . . answer, or respond." Rule 37 (a)(5)(A) – (C) provide as follows:

> **(A)** *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii)   other circumstances make an award of expenses unjust.
>
> **(B)** *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.
>
> **(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted

3

in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

## ANALYSIS

**A.     Failure to Meet and Confer:**

First, Defendants argue that Plaintiff's Motion to Compel should be denied because Plaintiff failed to meet and confer with Defendants as required by Rule 37(a)(1). (Document No. 44, p. 4.) Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer a Request for Production, the discovering party may move for an Order compelling the production. See Fed. R. Civ. P. 37(a)(3)(B). Additionally, the Rule requires a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court's Local Rules provide in greater detail that "each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest extent possible." See L. R. Civ. P. 37.1(b); also see Frontier-Kemper Constructors, Inc., supra, 246 F.R.D. 522, 526 (S.D.W.Va. 2007)("[I]t is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel . . ."); Wilson v. Liberty Insurance Underwriters, Inc., 2008 WL 2074040 (S.D.W.Va. May 15, 2008)("If a party only requests additional time, and fails to raise the issue at the heart of the dispute, then the meeting and conference is a waste of time, paying only lipservice to the Rule's requirement.") In the instant case, there is no indication that the parties ever met and conferred regarding the heart of the discovery dispute. The undersigned, therefore, finds that the parties never met and conferred in person or by telephone concerning the actual issues in dispute in an attempt to obtain the

discovery material without Court action. Although Plaintiff failed to meet and confer prior to filing his Motion to Compel, the Court finds that such failure does not result in the denial of the Motion to Compel. See Frontier-Kemper Constructors, Inc., supra, 246 F.R.D. at 526("While it is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel, the Federal Rules of Civil Procedure and the Local Rules do not provide that failure to meet and confer automatically results in denial of the motion. Rather, the sanction for failing to meet and confer is the denial of a request for expenses incurred in making a motion, including attorney's fees.") Accordingly, the undersigned will consider the merits of Plaintiff's Motion to Compel.

**B.      Request for Production of Documents No. 1.**

REQUEST FOR PRODUCTION NO. 1. Officer statements pertaining to incident.

RESPONSE: Defendants object to this request on the grounds that the same is vague, ambiguous and susceptible to multiple interpretations which prevents Defendants from submitting a formal response hereto. Due to the vagueness of this request, Defendants reserve and incorporate herein objection to the extent this request calls for information that is subject to the attorney-client privilege, the work product doctrine, or both.
Without waiving, please see the following:
(a)      HPD Use of Force Report;
(b)      CAD Call Info Sheet;
(c)      HPD Incident – Offense Report;
(d)      Concise IA Pro – Use of Force Report;
(e)      Injury Report – Officer Wiles.

(Document No. 44-2 and Document No. 45-1, pp. 1 - 2.)

In his Motion to Compel, Plaintiff complains that Defendants objected on grounds that "[t]he request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." (Document No. 42, p. 1.) Plaintiff then notes that he is proceeding *pro se* and argues that his requests "are vitally pertinent to his proving his case."

5

(Id., p. 2.) Plaintiff notes that the production is pertinent "in showing a pattern of excessive force and misconduct involving the H.P.D. Officers named in this action." (Id.)

In Response, Defendants argue that, "subject to objection, they have in good faith complied with Plaintiff's broad, vague, and overly ambiguous request for production of 'Officer Statements pertaining to incident.'" (Document No. 44, p. 4.) Defendants note that in response to the above request, Defendants "produced thirty pages of documents containing the following: (i) Huntington Police Department Use of Force Report, (ii) SunGard CAD Call Information Sheet, (iii) Huntington Police Department Incident/Offense Report, (iv) Concise IA Pro – Use of Force Report, and (v) Injury Report – Officer Wiles." (Id., p. 5.) Defendants further state that "the document produced in response to this request for production represent the entirety of the documents in Defendants' possession which are responsive to Plaintiff's discovery request and not otherwise subject to the attorney-client privilege, the work product doctrine, or both." (Id.) Defendants, therefore, argue that Plaintiff's attempt to compel the production of additional information in response to the above request is without merit. (Id.)

The undersigned finds that Plaintiff's Motion to Compel regarding Request No. 1 should be denied in part and granted in part. Defendants argue that Plaintiff's general request for "Officer statements pertaining to incident" is vague and ambiguous. The party objecting to discovery as vague or ambiguous has the burden of showing such vagueness or ambiguity. McCoo v. Denny's Inc., 192 F.R.D. 675, 694 (D.Kan. 2000); also see Johnson v. Kraft Foods North America, Inc., 238 F.R.D. 648 (D.Kan. 2006). A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." Id. "If necessary to clarify its answers, the responding party may

6

include any reasonable definition of the term or phrase at issue." <u>McCoo</u>, 192 F.R.D. at 694;

<u>High Point Sarl v. Sprint Nextel Corp.</u>, 2011 WL 4036424, * 13 (D.Kan. 2011). Exercising

reason and common sense, the undersigned finds that Plaintiff's request is not vague or

ambiguous. In requesting "statements," the undersigned finds that Plaintiff is requesting any

document or report containing a summary or description of the incident. In referring to the

"incident," the undersigned finds that Plaintiff is referring the time period beginning when he

allegedly vandalized the vending machines until Plaintiff was arrested following his flight from

officers. Despite Defendants claim that Plaintiff's request was vague or ambiguous, the record

reveals that in attempting to respond to Plaintiff's requests, Defendants produced 30 pages of

documents related to officer statements concerning the incident. Defendants state that they have

produced all non-privileged documents that could possibly be responsive to Plaintiff's above

request. The Court, therefore, finds that Defendants appropriately responded to Plaintiff's

discovery request regarding any documents claimed to be non-privileged. Accordingly, it is

hereby **ORDERED** that Plaintiff's request for production of additional non-privileged

documents is **DENIED**.

The undersigned, however, notes that Defendants indicate that there are other documents

responsive to Plaintiff's request that are protected from discovery based upon the attorney-client

privilege or attorney work-product protection. When a party withholds information on the basis

of attorney-client privilege or the work-product protection, the party is required to: (1)

"expressly make the claim;" and (2) "describe the nature of the documents, communication, or

tangible things not produced or disclosed – and do so in a manner that, without revealing

information itself privileged or protected, will enable other parties to assess the claim." Fed. R.

Civ. P. 26(b)(5)(A). "A party can sustain this burden through a properly prepared privilege log that identifies each document withheld, and contains information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter." Sky Angel U.S., LLC v. Discovery Communications, LLC, 28 F.Supp.3d 465, 483 (D.Md. 2014). A privilege log must contain "specific facts which, taken as true, establish the elements of the privilege for each document for which privilege is claimed. A privilege log meets this standard, even if not detailed, if it identified the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted." Clark v. Unum Life Insurance Co. of America, 799 F.Supp.2d 527, 536 (D. Md. 2011)(quoting N.L.R.B. v. Interbake Foods, LLC, 637 F.3d 492, 502 (4th Cir. 2011)(footnote omitted). A conclusory assertion, however, that a document is privileged is inadequate to satisfy the requirements of Rule 26(b)(5)(A). See United Stationers Supply Co. v. King, 2013 WL 419346, * 2 (E.D.N.C. Feb. 1, 2013); also see Victor Stanely, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251, 264 (D. Md. 2008)("[W]hen a party refuses to produce documents during discovery on the basis that they are privileged or protected, it has a duty to particularize that claim."); Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B, 230 F.R.D. 398 (D. Md. 2005)("[T]he burden of the party withholding documents cannot be 'discharged by merely conclusory or ipse dixit assertions.'").

In the instant case, there is no indication that Defendants provided Plaintiff with a privilege log or any other particularized description of the allegedly privileged or protected documents that Defendants seek to shield from discovery. Defendants must provide Plaintiff

with a privilege log sufficiently informing Plaintiff about the nature of documents withheld that would enable Plaintiff to make an intelligent determination about the validity of Defendants' assertion of the attorney-client privilege or the attorney work-product protection. Defendants, however, appear to have provided Plaintiff with a discovery response only asserting their conclusory claim that certain documents were either privileged or protected. (Document No. 45-1.) As stated above, a conclusory assertion that a document is privileged or protected is insufficient under Rule 26(b)(5).[1] (Document No. 45-1.) Therefore, Plaintiff's Motion to Compel is **GRANTED** to the extent he seeks the production of a privilege log concerning the allegedly privileged or protected documents containing officer statements. Defendants are **ORDERED** to provide Plaintiff with a privilege log on or before **December 20, 2016**.[2] If Plaintiff wishes argue that any document is not privileged or protected, Plaintiff should file on or before **January 3, 2017**, a Supplemental Motion to Compel addressing only his dispute concerning any privileged or protected document contained in the privilege log.

---

[1] Additionally, Rule 37.1 of the Local Rules of Civil Procedure requires "any claim of privilege or objection" to comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

[2] "When a party provides an inadequate or untimely privilege log, the Court may choose between four remedies: (1) give the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) inspect in camera all of the withheld documents; and (4) inspect in camera a sample of the withheld documents. *Johnson v. Ford Motor Co.*, 309 F.R.D. 226 (S.D.W.Va. Aug. 28, 2015)(*citing Nationwide Mutual Fire Ins. Co. v. Keit, Inc.*, 2015 WL 1470971, * 9 (M.D. Fla. March 31, 2015); *Sectek Incorporated v. Diamond*, 2016 WL 5897763 (E.D.Va. Oct. 6, 2016); *also see AVX Corp. V. Horry Land Co., Inc.*, 2010 WL 4884903, * 4 (D.S.C. Nov. 24, 2010)(finding that the failure to produce a timely or sufficient privilege log may constitute waiver of any asserted privileges); *Herbalife Intern., Inc. v. St. Paul Fire and Marine Ins. Co.*, 2006 WL 2715164 (N.D.W.Va.)("Failure to timely produce or production of an inadequate privilege log may constitute a waiver of any asserted privileges. However, some courts have held that the waiver of a privilege extends only to those cases in which the offending party committed unjustified delay, inexcusable conduct or bad faith in responding to discovery.")(citations omitted).

**C.**     **Request for Production of Documents No. 2.**

>   REQUEST FOR PRODUCTION NO. 2.   I.D. of any/all individuals present during incident (Sunday, December 14, 2014 @ 4:00 a.m.)
>
>   RESPONSE: Defendants object and state that they cannot possibly know of all individuals present when Plaintiff was caught vandalizing vending machines with a crowbar and committing various other crimes, such as malicious assault against a police officer, which subsequently resulted in Plaintiff fleeing and evading arrest over a broad geographical area.

(Document No. 44-2 and Document No. 45-1, p. 2.)

In his Motion to Compel, Plaintiff appears to generally argue that Defendants failed to properly respond to his request. (Document No. 42.) Plaintiff, however, fails to specifically address Defendants' objections. (<u>Id.</u>)

In Response, Defendants continue to assert that "Plaintiff's request for the production of the 'I.D. of any/all' individuals present when Plaintiff was caught vandalizing vending machines with a crowbar and committing various other crimes including malicious assault of a police officer is overly broad and therefore, not reasonably calculated to lead to the discovery of admissible evidence." (Document No. 44, p. 5.) Defendants explain that "[i]t is physically impossible for Defendants' to provide this information given that Plaintiff requested 'I.D. of any/all individuals **present** during the incident.'" (<u>Id.</u>) Defendants state that the "incident" includes various locations such as: "site where Plaintiff was caught vandalizing vending machines with a crow bar, the site where Plaintiff maliciously assaulted a police officer, and the broad geographical area over which Plaintiff fled while attempting to evade arrest." (<u>Id.</u>) Next, Defendants argue that "Plaintiff's use of the term 'present' is so extraordinary vague that it is susceptible to multiple interpretations and therefore prevents Defendants from being able to provide any reasonable response." (<u>Id.</u>, p. 6.) Defendants contend that it is unclear whether

10

Plaintiff's request would include "only those individuals involved in the commission or prevention/apprehension of Plaintiff's crimes; or would include all individuals within the vicinity of the various locations where Plaintiff's crimes occurred and where Plaintiff subsequently fled in order to avoid arrest." (Id.) Defendants argue that regardless of the vagueness issue, Plaintiff's request is "overly broad and unduly burdensome because it seeks production of information that Defendants are physically incapable of ascertaining, let alone producing." (Id.) Defendants finally claim that "Plaintiff's request is extraordinarily burdensome, if not impossible, and the information sought is very unlikely to yield useful information." (Id., p. 7.)

First, the Court will consider whether the phrase "present" is vague or ambiguous. Exercising reason and common sense, the undersigned finds that "present" is used by Plaintiff in requesting the identities of any persons "present" during the incident. Although Defendants argue that it is unclear whether Plaintiff is requesting the identity of "individuals involved in the commission or prevention/apprehension of Plaintiff's crimes; or would include all individuals within the vicinity of the various locations where Plaintiff's crimes occurred and where Plaintiff subsequently fled in order to avoid arrest," the undersigned notes that a common sense definition would be all individuals in the vicinity of the incident. The undersigned finds Defendants' above objection is without merit because the phrase "present" is not overly vague or ambiguous.

Next, the Court will consider whether Plaintiff's request seeks relevant information or is unduly burdensome. Discovery requesting relevant information may be restricted if necessary to protect a person or party from an undue burden. Fed.R.Civ.P. 26(c). To prevail upon an objection of burdensomeness, the objecting party must demonstrate how the request is burdensome by

submitting affidavits or other evidence revealing the nature of the burden. See McKelvey v. Western Regional Jail, 2015 WL 2144668 (S.D.W.Va. May 7, 2015); Convertino v. United States Department of Justice, 565 F.Supp.2d 10, 14 (D.D.C. 2008)(the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden). The undersigned first considers whether Plaintiff's request seeks relevant information. In his Complaint and Amended Complaint, Plaintiff contends that Defendants used excessive force during his arrest. Thus, the identities of any individual present during the commission of the underlying crime, present in the areas through which Plaintiff traveled during his flight from police, and present during the arrest are relevant to Plaintiffs' claims or Defendants' defenses. Next, the undersigned considers whether Plaintiff's request is unduly burdensome or disproportionate to the needs of the case. As explained above, discovery must proportional to the needs of the case "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Defendants state that they are physically incapable of ascertaining all individuals present during Plaintiff's commission the underlying crime, flight, and arrest because these events involved a broad geographical area. The undersigned finds that there is no indication that Defendants have access to the identities of all individuals present in the vicinity of the incident. The undersigned further finds that the production of the identities of all individuals present is overly broad because such would include the production of the identities of individuals who were present, but were neither

a witness nor involved in the incident. Furthermore, the request is unduly burdensome as it would require substantially investigative work involving a broad geographical area to determine all individuals present during Plaintiff's commission of the crime, flight, and arrest. The anticipated benefit of such a search would not outweigh the burden because requiring Defendants to identify all individuals present would likely result in the production of un-useful information such as the identities of individuals who were not witnesses or involved in the incident. Accordingly, the undersigned finds that Plaintiff's request is overly broad, unduly burdensome, and disproportionate to the needs of the case. It is hereby **ORDERED** that Plaintiff's Motion to Compel regarding Request for Production No. 2 is **DENIED**.

**D.     Request for Production of Documents No. 3.**

> REQUEST FOR PRODUCTION NO. 3. Procedure for Pre-Hiring Investigation.

> RESPONSE: Objection. Plaintiff has not asserted any claims related to the hiring and/or the pre-hiring investigation process and Defendants object as this Request is attempting to embark upon an overly broad, ambiguous, and unduly burdensome fishing expedition for information that is not relevant or material to the subjection matter of the pending action, nor is it reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that it calls of disclosure of confidential and proprietary information.

(Document No. 44-2 and Document No. 45-1, pp. 2 - 3.)

In his Motion to Compel, Plaintiff argues that "counsel for Respondents attempt to sweep this issue under the rug by stating that the Plaintiff is attempting to embark upon an overly broad, ambiguous, and unduly burdensome fishing expedition for information that is not relevant or material to the subject matter of the pending action." (Document No. 42., p. 2.)

In Response, Defendants argue that "Plaintiff's request for production of 'procedure for Pre-hiring investigation' is exceptionally vague, ambiguous, and far exceeds the scope of

permissible discovery in this matter." (Document No. 44, p. 7.) Specifically, Defendants argue that Plaintiff's above request seeks the production of irrelevant information. (Id., pp. 7 - 8.) Defendants note that "Plaintiff's case is based on the theory that Defendants allegedly used excessive force while apprehending the Plaintiff following his attempts to avoid arrest." (Id.) Defendants contend that Plaintiff has "not asserted any claims relating to hiring and/or pre-hiring investigation process." (Id.) Defendants, therefore, argue that Plaintiff's request "cannot be said to be reasonably calculated to lead to the discovery of admissible evidence because it does not even correlate with a cause of action with which Plaintiff has asserted." (Id.)

The undersigned finds that Plaintiff's Motion to Compel regarding Request No. 3 should be denied. A review of Plaintiff's Complaint and Amended Complaint reveals that he is asserting an excessive force claim against certain police officers. Plaintiff's Complaint and Amended Complaint, however, are void of any allegation of negligent hiring or supervisory indifference. Accordingly, any "Procedure for Pre-Hiring Investigation" is irrelevant to any claims or defenses in the instant action. No information concerning "Procedure for Pre-Hiring Investigation" would be relevant concerning whether Defendants subjected Plaintiff to excessive force during his arrest. It is hereby **ORDERED** that Plaintiff's Motion to Compel regarding Request for Production No. 3 is **DENIED**.

**E.     Request for Production of Documents No. 4.**

REQUEST FOR PRODUCTION NO. 4. Psychological/psychiatric testing of all officers involved.

RESPONSE: Objection. Plaintiff has not asserted any claims related to the hiring and/or the pre-hiring investigation process and Defendants object as this Request is attempting to embark upon an overly broad, ambiguous, and unduly burdensome fishing expedition for information that is not relevant or material to the subjection matter of the pending action, nor is it reasonably calculated to lead to the discovery of admissible evidence. Instead, this information is designed

simply to harass Defendants and waste judicial resources, and Defendants reserve the right to move for sanctions related thereto. Defendants further object to this request on grounds that it calls for disclosure of confidential and proprietary information.

(Document No. 44-2 and Document No. 45-1, p. 3.)

In his Motion to Compel, Plaintiff argues that "counsel for Respondents attempt to sweep this issue under the rug by stating that the Plaintiff is attempting to embark upon an overly broad, ambiguous, and unduly burdensome fishing expedition for information that is not relevant or material to the subject matter of the pending action." (Document No. 42., p. 2.) Plaintiff contends that Defendants "are attempting to hide facts that ARE material and/or relevant to the case at hand." (Id.) Plaintiff asserts that "[t]he request to review the outcomes of both psychiatric/psychological testing and evaluations are pertinent to the Plaintiff's allegations of misconduct and the Jekyll/Hyde Behavior of these officers at the time of Plaintiff's injuries." (Id.) Plaintiff argues that the behavior of Defendants was "NOT the behavior of stable individuals," but "much like a pack of wild dogs pouncing on their prey." (Id.) Finally, Plaintiff states that his request is not designed to harass Defendants or waste judicial resources. (Id.)

In Response, Defendants argue that "Plaintiff's request is so overly broad and ambiguous that it prevents Defendants from appropriately responding." (Document No. 44, p. 8.) Defendants state that it remains "unclear as to whether Plaintiff's request is for the Defendants to undergo a psychological/psychiatric evaluation or for Defendants to produce their mental health records, if any." (Id.) Regardless, Defendants argue that "there exists no legal basis for Plaintiff's request." (Id.) First, Defendants argue that Plaintiff's request is procedurally improper if he is requesting that Defendants undergo testing. (Id., pp. 8 - 9.) Citing Rule 35 of the Federal Rules of Civil Procedure, Defendants note that the Court "may order a party whose mental or physical

15

condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." (Id., p. 9.) Defendants, however, note that "[t]he order may be made only on motion for good cause and on notice to all parties and to the person to be examined." (Id.) Defendants argue that they are not properly subject to a Rule 35 evaluation because their physical and mental conditions are not in controversy. (Id.) Additionally, Defendants note that Plaintiff has failed to file a proper motion and demonstrate good cause for his request. (Id.)

Second, to the extent Plaintiff is requesting the production of Defendants' mental health records, Defendants argue that such are not relevant. (Id.) Defendants contend that "[t]his action centers on Plaintiff's allegations that the Defendants allegedly used excessive force against him when the Defendants apprehended him following this attempt to avoid arrest." (Id.) Defendants argue that Defendants' mental health records are "in no way reasonably calculated to lead to the discovery of admissible evidence and is accordingly outside the scope of discovery." (Id.)

Based upon a review of Plaintiff's Motion to Compel, the undersigned finds that Plaintiff is requesting the production of any psychiatric/psychological testing already conducted on Defendants. In his Motion to Compel, Plaintiff asserts that "[t]he request to review the outcomes of both psychiatric/psychological testing and evaluations are pertinent to the Plaintiff's allegations of misconduct and the Jekyll/Hyde Behavior of these officers at the time of Plaintiff's injuries." Accordingly, the undersigned finds it unnecessary to address whether Plaintiff may compel Defendants to undergo psychiatric/psychological testing. Thus, the undersigned will address Plaintiff's request for the production of any psychiatric/psychological testing already conducted on Defendants. A review of Plaintiff's Complaint and Amended Complaint reveal no

16

allegations that Defendants used excessive force due to some psychiatric/psychological condition or mental impairment. Plaintiff further does not allege that Defendants are asserting a mental health condition as a defense to their alleged use of excessive force. As stated above, discovery must be relevant and proportional to the needs of the case. Plaintiff merely argues that Defendants should be required to produce their mental health records because the behavior of Defendants was "NOT the behavior of stable individuals." Based upon the foregoing, the undersigned finds that Plaintiff's above request seeks information that is irrelevant to the claims or defenses in the underlying action and disproportionate to the needs of the case. Thus, it is hereby **ORDERED** that Plaintiff's Motion to Compel regarding Request for Production No. 4 is **DENIED**.

**F.     Request for Production of Documents No. 5.**

> REQUEST FOR PRODUCTION NO. 5. Any/all rules/regulations and policies/procedures for making a safe arrest.

> RESPONSE: Defendants object to this request on the grounds that the request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that the same is vague, ambiguous and susceptible to multiple interpretations which prevents Defendants from submitting a formal response hereto.

(Document No. 44-2 and Document No. 45-1, pp. 3 - 4.)

In his Motion to Compel, Plaintiff argues that "Defendants objection to this request is a scheme to prevent the truth from being exposed." (Document No. 42., p. 3.) Plaintiff contends that "[b]reaking an individual's arm while he/she has it raised as a means to 'protect' their face and head from extreme injury is hardly proper policy and procedure from making a 'safe' arrest." (Id.) Plaintiff alleges that "[m]edical records support the Plaintiff's claim that his arm

17

was raised in defense of his face and head, not in an offensive posture." (Id.)

In Response, Defendants argue that they are "physically unable to appropriately respond to Plaintiff's request." (Document No. 44, p. 10.) Defendants explain that "Plaintiff's use of the terms 'any/all' makes his request overly broad and unduly burdensome." (Id.) Defendants asserts that the plain reading of Plaintiff's above request would require Defendants to produce "copies of every single rule, regulation, policy, or procedure that relates to 'making a safe arrest' regardless of the rule, regulation, policy, or procedure's author, source, location, or format of existence." (Id.) Defendants further argue that "Plaintiff's reference to 'making a safe arrest' is vague, ambiguous and subject to multiple interpretations that it makes Defendants unable to respond in a cogent manner." (Id.)

First, the undersigned finds that Plaintiff's request is vague and ambiguous. Plaintiff requests a copy of rules and regulations regarding "making a safe arrest." Applying reason and common sense to attribute ordinary definitions to the above phrase, the undersigned finds that the phrase "making a safe arrest" could be subject to multiple interpretations. Next, the undersigned finds that Plaintiff's request for "any/all rules/regulations and policies/procedures" is overly broad. Rule 34(b)(1) requests that a production request "must describe with reasonable particularity each item or category of items" to be produced. Plaintiff clearly fails to describe his above request for production with "reasonable particularity." Plaintiff generally requests "any/all rules/regulations and policies/procedures." Plaintiff fails to set forth the source or author of the rules, regulations, policies, or procedures. Although the requested information may be relevant, discovery must proportional to the needs of the case. Defendants explain that to appropriately respond, Defendants "would be required to produce copies of very single rule, regulation, policy,

18

or procedure that relates to 'making a safe arrest' regardless of the rule, regulation, policy, or procedure's author, source, location, or format of existence." The burden and expense of requiring Defendants to respond to the above overly broad request clearly outweighs any likely benefit. Further, Plaintiff should be able to obtain a copy of relevant law through use of the law library. Based upon the foregoing, the undersigned finds that Plaintiff's above request, as stated, is overly broad and disproportionate to the needs of the case. To the extent Plaintiff is requesting a copy of any internal policies or procedures established by the Huntington Police Department regarding the use of force, the undersigned finds that such would be relevant. Further, it is reasonable to assume that Plaintiff would not have access to a copy of such policies or procedures. Based upon the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Compel regarding Request for Production No. 5 is **GRANTED in part** and **DENIED in part**. To the extent Plaintiff requests "any/all rules/regulations and policies/procedures for making a safe arrest," his Motion is **DENIED**. To the extent Plaintiff is requesting a copy of any internal policies or procedures of the Huntington Police Department regarding the use of force, Plaintiff's above request is **GRANTED**. Defendants are **ORDERED** to produce a copy of the foregoing policies or procedures, to the extent they exist, to Plaintiff on or before **December 20, 2016**.

**G.      Request for Production of Documents No. 6.**

REQUEST FOR PRODUCTION NO. 6. Background checks/work histories/suits against or reprimands for misconduct.

RESPONSE: Defendants object to this request on the grounds that the request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Other complaints or reprimands against these Defendants, to the extent brought, are not relevant to or discoverable in this case. Defendants also object to this request on the grounds that it requests inadmissible propensity evidence under applicable law, and Defendants object on the grounds that the burden of conducting a search for irrelevant or only marginally relevant information is disproportionate to any possible relevance to the issues here.

19

Defendants further object because Plaintiff has not asserted any claims related to the hiring and/or pre-hiring investigation process and Defendants object as this Request is attempting to embark upon an overly broad, ambiguous, and unduly burdensome fishing expedition for information that is not relevant or material to the subject matter of the pending action, nor is it reasonably calculated to lead to the discovery of admissible evidence.

Lastly, Defendants object to this request on the grounds that the same is vague, ambiguous, and susceptible to multiple interpretations which prevents Defendants from submitting a formal response hereto.

(Document No. 44-2 and Document No. 45-1, pp. 4 - 5.)

In his Motion to Compel, Plaintiff argues that his above request for the above information "is pertinent to support his claim of repeated excessive force used by the Huntington Police Department, and this information will also prove beyond reasonable doubt that there is an ongoing pattern of excessive force during arrests in Huntington." (Document No. 42., p. 3.)

In Response, Defendants argue that Plaintiff's above request is "nothing shy of a fishing expedition designed to catch and reel in information Plaintiff can use to harass Defendants." (Document No. 44, p. 11.) Defendants explain that "Plaintiff has not asserted any claim relating to the hiring and/or pre-hiring investigation process." (Id.) Defendants, therefore, claim that "Plaintiff's request for Defendants' background checks, work histories, prior lawsuits, and prior reprimands is particularly puzzling and certainly not relevant or likely to lead to the discovery of admissible evidence." (Id.) Next, Defendant asserts that Plaintiff requests is "so vague and ambiguous that Defendants would be unable to formulate any sensible response." (Id.) Defendants explain that Plaintiff's request for production of information relating to "suspected misconduct" is vague and "prevents Defendants from meaningfully responding." (Id.) Finally, Defendants argue that personnel records are confidential in nature and not properly discoverable

under the West Virginia Freedom of Information Act. (Id., pp. 11 - 12.)

To the extent Plaintiff is requesting the complete personnel file for each Defendant, the Court deems certain portions of the file to be relevant. Specifically, the Court finds that any performance reviews, citations/commendations, reprimands, or disciplinary actions for any improper use of force by any Defendant is relevant. To the extent Plaintiff requests Defendants' personnel files containing such information as Defendants' background, training, physical or mental fitness/condition, employment history, and applications for employment, the Court finds these requests to be overly broad and irrelevant. Next, Defendants object to the above request for information concerning prior civil suits against any Defendant as irrelevant. The Court, however, finds that Plaintiff's request for information concerning prior suits against any Defendant is relevant to the extent Plaintiff requests information concerning prior suits against any Defendant for using excessive force. Information concerning prior lawsuits for use of excessive force is relevant to Plaintiff's claim. See Laws v. Cleaver, 1999 WL 33117449 (D.Conn. Nov. 17, 1999)(permitting discovery of defendants' prior disciplinary hearings, administrative actions and any prior lawsuits, but only to the extent that allegations were made for excessive force or mistreating an inmate); Cox v. McClellan, 174 F.R.D. 32, 34-35 (W.D.N.Y. June 11, 1997)(finding that prior complaints made against the defendants and incidents of excessive force by individual defendants are clearly discoverable in Section 1983 actions); Cornelius v. Consol. Rail Corp., 169 F.R.D. 250, 251-52 (N.D.N.Y. 1996)(evidence of prior claims and lawsuits is relevant and discoverable, regardless that it later may be inadmissible at trial). It is therefore hereby **ORDERED** that Plaintiffs' Motion to Compel as to Request for Production No. 6 is **GRANTED in part** and **DENIED in part**. Defendants shall produce any performance reviews,

citations/commendations, reprimands, or disciplinary actions for any improper use of force by any Defendant. If the Defendants wish to seek the entry of a Protective Order concerning the use, reproduction, or return of the foregoing documents, they should submit a proposed Protective Order for entry by the Court. Concerning Plaintiff's request for civil actions filed against any Defendant, Defendants shall produce information concerning any such civil actions filed in the last five years against each individual Defendant concerning claims of excessive use of force. For each civil action, Defendants shall provide the following information: (i) the court (state and county/city) in which the lawsuit was filed; (ii) the case number and the date on which the case was filed; (iii) the case caption; (iv) a detailed description of the allegations made in the lawsuit against the Defendant; and (v) a description of the resolution of the lawsuit. Defendants are **ORDERED** to produce the above information to Plaintiff on or before **December 20, 2016**.

**H.     Request for Production of Documents No. 7.**

> REQUEST FOR PRODUCTION NO. 7. Any/all eyewitness accounts of the incident.

> RESPONSE: Defendants object and state that they cannot possibly know of all individuals present when Plaintiff was caught vandalizing vending machines with a crowbar and committing various other crimes, such as malicious assault against a police officer, which subsequently resulted in Plaintiff's fleeing and evading arrest over a broad geographical area.

(Document No. 44-2 and Document No. 45-1, p. 5.)

In his Motion to Compel, Plaintiff argues that "counsel for Defendants is mocking the Plaintiff and the fact that he is a lay person." (Document No. 42., p. 3.) Plaintiff first argues that the fact that he was "caught vandalizing a vending machine has absolutely nothing to do with this case." (Id.) Plaintiff next argues that the fact that he was only vandalizing a vending machine is relevant to show that Defendants treated Plaintiff "as if he was a dangerous criminal on the

22

loose." (Id.) Plaintiff contends that Defendants "should have never acted in a way that would endanger the Plaintiff, themselves, or the public for a petty offense such as breaking into a vending machine." (Id.) Plaintiff states that "officers already knew the identity of the Plaintiff and would have been able to apprehend him at any time." (Id.)

In Response, Defendants argue Plaintiff's above request for "any/all eyewitness accounts of the incident" is so overly broad that it is "physically impossible for Defendants to meaningful comply." (Document No. 44, p. 12.) Defendants again contend that term "incident" could refer to multiple locations such as the following: "the site where Plaintiff was caught vandalizing vending machines with a crowbar, the site where Plaintiff maliciously assaulted a police officer, and the broad geographical area over which Plaintiff fled while attempting to evade arrest." (Id.) Next, Defendants claim that "it is impossible for them to identify 'any/all' individuals who witnessed the accounts of the incident at these various and encompassing locations throughout the commission of Plaintiff's crimes." (Id.) Notwithstanding the forgoing, Defendants state that they have "produced thirty pages of documents which contain narrative statements provided by the officers who were directly involved with the incident." (Id.) Defendants, therefore, state that "they have made a good faith attempt to respond to Plaintiff's discovery request and are physically unable to further comply." (Id.)

To the extent Plaintiff is requesting the production of statements from "any/all" eyewitnesses, the undersigned finds Plaintiff's request to be overly broad and unduly burdensome. Eyewitness accounts from any individual present during the commission of the underlying crime, present in the areas through which Plaintiff traveled during his flight from police, and present during the arrest would be relevant to Plaintiffs' claims or Defendants'

defenses. As stated above, discovery must proportional to the needs of the case "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Defendants state that they are physically incapable of ascertaining eyewitness statements from all individuals that may have observed Plaintiff's commission of the underlying crime, flight, and arrest because these events involved a broad geographical area. The undersigned finds that there is no indication that Defendants have access to eyewitness statements from all individuals who observed the incident. To the extent Plaintiff is requesting the production of statements from "any/all" eyewitnesses, the undersigned finds Plaintiff's request to be overly broad, unduly burdensome, and disproportionate to the needs of the case. To the extent Plaintiff is requesting the production of existing eyewitness statements that are in Defendants' possession or control, the undersigned finds that Plaintiff's request is relevant and not unduly burdensome. It is therefore hereby **ORDERED** that Plaintiffs' Motion to Compel as to Request for Production No. 7 is **GRANTED in part** and **DENIED in part**. Defendants are **ORDERED** to produce any existing eyewitness statements that are within Defendants' possession or control, that have not already been produced, to Plaintiff on or before **December 20, 2016**.

I.     **Request for Production of Documents No. 8.**

REQUEST FOR PRODUCTION NO. 8. Any/all reports and statements pertaining to this incident that are not listed above.

RESPONSE:

(Document No. 44-2 and Document No. 45-1.)

In his Motion to Compel, Plaintiff contends that he is "in need of any/all statements and/or reports that may be in possession of the Defendants, or their attorneys so that he has a chance to investigate into any/all erroneous statements or reports, such as the claim that one of the officers sustained serious injury as a result of the Plaintiff's actions, when the officer sustained a non-existent injury caused by his own actions." (Document No. 42., p. 2.)

In Response, Defendants argue that they have "previously produced all documents that are responsive to this discovery request, yet Plaintiff seems to continue to fish for more." (Document No. 44, p. 13.) Defendants contend that they have produced all documents in their possession that are responsive to Plaintiff's discovery request and properly within the scope of discovery. (Id.)

The undersigned finds that Plaintiff's above request should be denied. Plaintiff requests a copy of any and all reports or statements "pertaining to this incident that are not listed above." Rule 34(b)(1) requests that a production request "must describe with reasonable particularity each item or category of items" to be produced. Plaintiff clearly fails to describe his above request for production with "reasonable particularity." Defendants state that they have previously produced all documents responsive to Plaintiff's discovery request. The undersigned notes that defense counsel properly signed the discovery responses certifying that his responses were complete and correct. Besides Plaintiff conclusory allegation, there is no indication that Defendants have not appropriately and fully responded to Plaintiff's above discovery request. The Court, therefore, finds that Defendants have appropriately responded to Plaintiff's discovery request. It is hereby **ORDERED** that Plaintiff's Motion to Compel regarding Requests for Production No. 8 is **DENIED**.

25

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections are filed, the District Court, Honorable Chief United States District Judge Robert C. Chambers, presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: December 6, 2016.

Omar J. Aboulhosn
United States Magistrate Judge

26